**In re ADELPHIA COMMUNICATIONS CORP., et al., Debtors.**

**Adelphia Communications Corp., et al., Plaintiffs,**

v.

**John Rigas, et al., Defendants.**

**Bankruptcy No. 02–41729 (REG).**
**Adversary No. 02–8051 (REG).**

United States Bankruptcy Court, S.D. New York.

June 12, 2003.

Dilworth Paxson, LLP, by Lawrence G. McMichael and Christine Callahan, Philadelphia, PA, for John Rigas, Michael Rigas, Timothy Rigas and other Rigas related parties.

Cozen O'Connor, by Edward Hayum, Wilmington, DE, for Peter L. Venetis.

James B. Comey, United States Attorney, by Judd C. Lawler, Assistant U.S. Attorney, New York City, for United States of America.

Anthony, Ostlund & Baer, P.A., by Jeff Ross, Minneapolis, MN, for State Court Plaintiffs AIG DKR.

Boies, Schiller & Flexner, LLP, by Eric Brenner and Phillip C. Korologos, Armonk, NY, for Adelphia Communications Corp.

Kasowitz, Benson, Torres & Friedman, LLP, by Michelle Fivel, New York City, for Official Committee of Unsecured Creditors of Adelphia Communications Corp.

Sidley, Austin, Brown & Wood, LLP, by Jerry L. Bregman, New York City, for Official Committee of Equity Security Holders of Adelphia Communications Corp.

Morgan, Lewis & Bockius, LLP, by Randi B. Guest, New York City, for Erland Kailbourne.

Cravath, Swaine & Moore, LLP, by Max R. Shulman, New York City, for Deloitte & Touche LLP.

*MEMORANDUM DECISION ON LETTER REQUEST OF DELOITTE & TOUCHE TO STAY DOCUMENT DISCOVERY IN STATE COURT ACTION*

ROBERT E. GERBER, Bankruptcy Judge.

In this adversary proceeding under the umbrella of a case under chapter 11 of the Bankruptcy Code, Deloitte & Touche LLP ("Deloitte"), seeks, by letter request, to be heard in opposition to the form of the order to be entered by this Court to implement its "Decision on Motion for Emergency Relief Staying Discovery in State Court Action," reported in *Adelphia Communications Corp. v. Rigas (In re Adelphia Communications Corp.)*, 293 B.R. 337 (Bankr.S.D.N.Y.2003) (the "Decision")[1]— and in particular, to oppose provisions in the proposed order that would permit documentary discovery in the State Court Action from Deloitte and other third parties.[2]

The Court considers Deloitte's request on the merits, because it concludes that Deloitte has the requisite standing. Upon consideration of the merits, the Court believes that it has the power to stay document discovery from Deloitte and other non-parties. However, the Court further believes that it should not exercise that power here. Its concerns vis-a-vis avoiding a frustration of its earlier orders have now been fully addressed. And as De-

---

1. As corrected and supplemented with respect to post-Decision submissions, May 31, 2003 (ECF # 114 & Exh. A thereto).

2. As defined in the Decision, familiarity with which is assumed.

loitte is in essence a stranger in this case; the State Court has already stayed all discovery, and there is nothing now to stay; and relief would be available, if the State Court were ever to revisit its decision, from the courts in actions in which Deloitte actually is a party or subpoenaed witness (which courts, in this Court's view, would be the more appropriate places to consider the requested relief), the Court believes that it would be inappropriate for it to reach out to exercise its powers further—a matter that it is reluctant to do when its concerns already have been sufficiently addressed.

As a result, this Court will enter an order similar to that proposed by the Rigas Defendants and the AIG Plaintiffs—though the order will make it clear that this Court is not *authorizing* the disputed document discovery, but merely declining to exercise its power to block it.

## Background

The facts relevant to this determination were to a considerable extent set forth in the Decision, and the Court now limits its discussion to additional facts relevant to Deloitte's request.

In a May 20 letter submission to this Court, shortly after the issuance of the Decision, counsel for the Rigas Defendants advised that it had conferred with counsel for the AIG plaintiffs, and was working on the submission of a proposed order to implement the Decision which would permit document discovery to proceed in the State Court Action with respect to third parties.[3] By letter dated May 28, counsel for Deloitte—a prospective third-party witness in the State Court Action—objected to that discovery, arguing that there is no distinction between party and third-party discovery under the PSLRA, and that the reasons underlying this Court's determination in the Decision warranted a stay of document discovery in the State Court Action as well. The AIG Plaintiffs opposed Deloitte's request, on the merits, and the Rigas Defendants opposed it on procedural grounds, asserting that Deloitte was not a party to either the State Court Action or this adversary proceeding, and therefore had no standing to raise any objection. The Rigas Defendants did not otherwise speak to the propriety of Deloitte's request.

Without dispute, Deloitte is neither a defendant nor a subpoenaed witness in this adversary proceeding. As a non-party in the State Court Action, Deloitte would of course have no occasion to be filing its own motion to dismiss the '33 Act claims asserted in that action, and thereby qualify for the '33 Act's stay of discovery under the PSLRA based on such a motion,[4] though it could at least arguably qualify for such a stay under caselaw discussed below. While Deloitte's reply submission makes clear that it is a defendant in substantial federal litigation elsewhere with respect to Adelphia matters (much, but not all, of which is in the Eastern District

---

3. Counsel for the Rigas Defendants added that, "[t]he Rigases consented to this request, given that the United States Attorney has never opposed document discovery nor has this Court stayed such discovery." (Rigas Def. 5/20 Ltr., ECF # 116, at 1).

4. *See* '33 Act Section 27(b)(1), 15 U.S.C. § 77z–1(b)(1). As in the Decision, this Court now is not called upon to decide, and does not decide, whether the pendency of motions to dismiss '33 Act claims by the Rigases dic-

tates a stay of discovery in the State Court Action under '33 Act Section 27(b)(1).

As noted below, this Court was informed by Deloitte in its letter request that after this Court's issuance of the Decision, the State Court stayed all discovery (and not just the depositions of the Rigases) in the State Court Action, but except as this Court might order otherwise, any such decision would presumably be subject to change by the State Court.

Pennsylvania),[5] the record does not reveal to what extent Deloitte has been sued under the '33 Act or '34 Act and has moved to dismiss such claims—thereby entitling it to the right to seek, in the Eastern District of Pennsylvania or elsewhere, an order under the SLUSA amendments to the PSLRA akin to the one the Rigas Defendants sought and obtained here, staying discovery in the State Court Action.[6]

Even before entry of an order confirming and implementing this Court's Decision, the State Court has already taken steps to implement that decision, by staying all proceedings in the State Court Action. In proceedings before it on May 19, 2003, four days after the issuance of this Court's decision, the State Court granted the Government's motion to intervene, and permitted the Government to withdraw its motion in the State Court for a stay of testimonial discovery, without prejudice to renewal, if necessary. The State Court went on to say "So the motion to intervene is granted and the rest of the case is stayed.... I'll just mark it stayed." [7]

Accordingly, there is now no State Court Action discovery to stay, though the State Court's decision could presumably be revisited.

### Discussion

### I.

### Standing

■ Deloitte asserts that "[a]lthough we have not been involved in the Adelphia Bankruptcy proceeding, we are directly affected as third parties by this Court's and [the State Court's] rulings regarding the AIG case."[8] The Rigas Defendants argue that "[i]t is our position that Deloitte is not a party to either the AIG case or this adversary proceeding and therefore has no standing to raise any objection."[9]

While Deloitte is not a party in either action, the Court believes that Deloitte nevertheless has the requisite standing. *See In re Carnegie International Corp. Securities Litigation,* 107 F.Supp.2d 676, 679–680 (D.Md.2000) (non-party accounting firm could invoke protection under the stay provisions of the PSLRA); *cf. In re Enron Corp.,* 281 B.R. 836, 838 & n. 2 (Bankr.S.D.N.Y.2002) (Gonzalez, J.) (noting, in the context of a request for a Bankruptcy Rule 2004 order to secure discovery stayed under the PSLRA, that "no party disputes that the automatic discovery stay of the PSLRA applies" to a third party who sought to oppose such an order, and citing *Carnegie International's* observation that the plain meaning of the PSLRA requires that its protective stay provisions apply to all discovery, including discovery from third parties).

In *Carnegie International*—a "fraud on the market" class action under the '34 Act against a corporation and several of its officers and directors (generally charging that false statements of financial condition and operations had artificially inflated the

---

5. See Shulman 5/30 Ltr., ECF # 122, at 2 & Exh. A thereto.

6. Nor does it reveal to what extent Deloitte has sought a stay of document discovery in the State Court Action from any other federal court, though it is this Court's impression that most, if not all, discovery (of all types, including document discovery) has been stayed elsewhere, and that if document discovery in the State Court Action proceeds, it might be the only place in the country where that is the case.

7. Tr. of State Court Hrg. of 5/19/03 at 7, enclosed with Shulman 5/28 Ltr., ECF # 117. The State Court further asked that at some point, it be provided with an update. *Id.*

8. Shulman 5/28 Ltr., ECF # 117, at 1.

9. Rigas Def. 5/30 Ltr., ECF # 121, at 1.

price of Carnegie International's securities)—the defendants advised that it was probable that they would be moving to dismiss the complaint, thereby triggering the discovery stay provisions of the PSLRA. Defendant Carnegie International—after agreeing to waive the discovery stay, though apparently selectively, *see Carnegie International*, 107 F.Supp.2d at 680 n. 2—served a subpoena duces tecum on Grant Thornton, LLP, its former accountant and auditor, "leaving little doubt" that Carnegie International would seek to implead Grant Thornton as a third-party defendant if the case went forward on the merits. *Id.* at 678. Grant Thornton argued, as Deloitte argues here, that third parties are likewise protected by the automatic stay provisions of the PSLRA.

Carnegie International and other defendants argued that Congress had intended to protect only named defendants from discovery until the sufficiency of the complaint was tested, "not non-parties or potential defendants." *Id.* at 679. The *Carnegie International* court rejected that contention. It allowed Grant Thornton to be heard in its objection, *id.* at 681, and ultimately sustained it. *Id.* at 684.

The Court is not now in a position to determine, if it ever would be, how likely it is that one or another of the litigants in the State Court Action would bring in Deloitte as an additional defendant or third-party defendant, but this Court sees at least a risk that the AIG Plaintiffs and/or the Rigas Defendants might be trying to replicate here what the plaintiffs and defendants tried to do in *Carnegie International*. Particularly if that is so, but even if it is not, *Carnegie International* suggests that Deloitte should have the requisite standing. Since Deloitte is a prospective target in the State Court Action, and as such is, as the *Carnegie International* court noted, in the class of

persons and entities who were intended to be protected by the PSLRA, Deloitte has the standing to seek relief to address its concerns. While finding the requisite standing in *this* adversary proceeding for Deloitte (which is neither a party nor subpoenaed witness here), as contrasted to the State Court Action, requires an additional jump, the Court believes that as the Congressional intent to protect '33 Act and '34 Act targets is the same in each procedural context, the distinction between the two procedural contexts should go to the *exercise* of the stay power, and not to standing to request the relief. The Court concludes that Deloitte has the requisite standing.

## II.

### Power to Stay

Having determined that Deloitte has the requisite standing to be heard on this motion, it is easy for the Court to find that it has the *power* to issue the stay of discovery in the State Court Action that Deloitte requests. This Court's earlier analysis in the Decision, coupled with *Carnegie International*, makes that clear. Reinforcing that view is authority in this district, *Faulkner v. Verizon Communications, Inc.*, 156 F.Supp.2d 384, 402–404 (S.D.N.Y. 2001) (Conner, J.) (relying, in part, on *Carnegie International*, and staying discovery of a non-party subpoenaed witness at the request of a defendant).

## III.

### Exercise of Power to Stay

While the Court believes that it has the power, under each of '34 Act Section 21D(b)(3)(D) and Bankruptcy Code section 105(a), to stay discovery from parties and non-parties alike, and to stay document

discovery as well as depositions,[10] the Court believes that whether it should exercise that power presents different issues.

■ Unlike *Carnegie International* and *Faulkner*, in each of which the Court was asked to apply '34 Act Section 21D(b)(3)'s subsection (B)—staying discovery in its *own* action, after the filing of a motion to dismiss[11]—here the Court is asked to apply subsection (D). That provision, as noted in the Decision, provides:

(D) Circumvention of stay of discovery

Upon a proper showing, a court *may* stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this paragraph.

15 U.S.C. § 78u–4(b)(3)(D) (emphasis added). The use of the word "may" in the statute, as contrasted to "shall," indicates that the exercise of a court's power in this regard is within its discretion.

■ To exercise the powers conferred under '34 Act Section 21D(b)(3)'s subsection (D), a federal court must find that there has been a "proper showing," as affected by whether a stay by the federal court is "necessary in aid of its jurisdiction, or to protect or effectuate its judgments." That is in contrast to the language in '34 Section 21D(b)(3)'s subsection (B) (and the corresponding language in the '33 Act),[12] providing simply that "[i]n any private action arising under this chapter, all discovery and other proceedings *shall*

be stayed during the pendency of any motion to dismiss ..." unless certain statutory exceptions are satisfied. When the nexus between the party seeking the relief (here, Deloitte, which is neither a party in this case, nor a subpoenaed witness here) and the matters before the Court asked to stay the discovery (matters that do not, at this juncture, involve Deloitte) becomes more attenuated, there is a lesser predicate for the requisite "proper showing." Here there is a lesser predicate still, since the desired discovery has been stayed by the State Court anyway, and at this juncture there is nothing for this Court to stay.

Here this Court's own needs and concerns, which played such an important part in the Decision, are not impacted by the document discovery envisioned here. In granting the Rigas Defendants' motion, the Court's paramount objectives included, as the AIG Plaintiffs observe, "to protect the parties to the criminal action from the consequences of testimonial discovery generated in civil litigation, and also to protect its own jurisdiction over the reorganization of Adelphia"[13]—and, though the AIG Plaintiffs do not say this as well, to protect this Court's own jurisdiction vis-a-vis the earlier orders it had entered in this adversary proceeding (an action with '34 Act claims) and in the implementation of PSLRA policy for the protection of litigants in this Court, or who are hauled into this Court as witnesses. Document' discovery in the State Court Action does not impinge upon any of those objectives of this Court, especially in a material way.

---

**10.** *See, e.g., Faulkner,* 156 F.Supp.2d at 403–404 (holding '34 Act Section 21D(b)(3)(B) stay applicable, and declining to vacate it, with respect to third-party's production of documents).

**11.** The analogous situation here would be an effort by the Rigas Defendants to obtain Deloitte documents in *this* adversary proceeding while their motions to dismiss are pending—

an effort they have not mounted so far, and which would raise troublesome issues under *Carnegie International* and *Faulkner.*

**12.** *See* '33 Act Section 27(b)(1), 15 U.S.C. § 77z–1(b)(1).

**13.** AIG Plaintiffs' 5/29 Ltr., ECF # 118, at 1.

While it might impinge upon the objectives of another court, in which Deloitte is a party or witness (now or in the future), that court would be better suited to deciding whether discovery against Deloitte should be stayed, either by straightforward application of '34 Act Section 21D(b)(3)'s subsection (B) (or its '33 Act equivalent), or, if necessary, under '34 Act Section 21(b)(3)'s subsection (D).

As noted above, the Court cannot rule out the possibility that in reaching agreement that document discovery from Deloitte (and perhaps others) could proceed (with copies to be provided to all parties in the State Court Action), the AIG Plaintiffs and the Rigas Defendants elected to advance their own concerns at Deloitte's expense, or even ganged up on Deloitte to advance their own agendas or tactical desires. But one or another of these possibilities, if true, can be addressed in the State Court Action, or in any federal action in which Deloitte is a defendant and has moved to dismiss '33 Act or '34 Act claims, or is a subpoenaed witness in that action.

■ Deloitte's concerns may well have been aggravated by language in the proposed order—which was ambiguous and potentially troublesome—stating that document discovery "may proceed" in the State Court Action, and, impliedly, that this Court would thus affirmatively *authorize* document discovery from Deloitte in the State Court action, notwithstanding the State Court's stay of all discovery there. This Court would not enter an order in that form even in the absence of an objection by Deloitte, as it is not the province of this Court to tell the State Court how to manage its cases, except in an unusual situation (like that addressed in the Decision) in which actions in the State Court might undercut earlier orders of this Court. For the same reason, this Court believes that it should not *stay* third-party discovery in the State Court, once this Court's own needs have been satisfactorily addressed. Concerns as to the exercise of appropriate restraint with respect to federal powers, and comity with the State Court, counsel that there must be limits on this Court's ability to serve as a roving policeman to enforce PSLRA policy nationally, where the party seeking relief is neither a party in the action in this Court nor a subpoenaed witness here.

This decision is expressly without prejudice to Deloitte's rights to bring these or similar issues to the attention of the State Court (or, of course, to make any other points to the State Court) if the State Court is asked to revisit its decision to stay all discovery in the State Court action. It likewise is expressly without prejudice to Deloitte's rights to bring these or similar issues to the attention of any federal court with jurisdiction over an action in which Deloitte is a party, or subpoenaed witness.

The Court is contemporaneously entering an order similar, but not identical, to that proposed by the Rigas Defendants and the AIG Plaintiffs [14] to implement the Court's Decision. It will not stay document discovery in the State Court Action, but neither will it authorize it.

---

14. It will differ principally in the respect that instead of saying third-party document discovery "may proceed" in the State Court Action (a matter that, in light of this decision, is up to the State Court, and/or any federal court in which Deloitte is a defendant or subpoenaed witness), it will say that third-party document discovery "is not stayed under this Order."